**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5118**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAMANE JAMES,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Deborah K. Chasanow, District Judge.
(8:08-cr-00044-DKC-1)

Argued:  September 22, 2010          Decided:  November 10, 2010

Before AGEE, Circuit Judge, HAMILTON, Senior Circuit Judge, and
James C. DEVER III, United States District Judge for the Eastern
District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Steven Hale Levin, LEVIN & GALLAGHER, LLC, Baltimore,
Maryland, for Appellant.   Stacy Dawson Belf, OFFICE OF THE
UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.
**ON BRIEF:** Rod J. Rosenstein, United States Attorney, Baltimore,
Maryland, Deborah A. Johnston, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On January 28, 2008, a federal grand jury indicted Shamane James ("James" or "defendant"). The grand jury charged James with (1) possession with intent to distribute 50 grams or more of crack cocaine on September 5, 2007; (2) possession with intent to distribute 500 grams or more of cocaine on September 5, 2007; (3) possession of a firearm on September 5, 2007, in furtherance of the drug-trafficking offenses in counts one and two; (4) being a felon in possession of a firearm on September 5, 2007; and, (5) knowingly and intentionally distributing crack cocaine on September 4, 2007.

On May 30, 2008, after a four-day trial, a jury convicted James on all five counts. See J.A. 834–37. On November 3, 2008, the court sentenced James to 240 months on count one (i.e., the mandatory minimum) and 60 months consecutive on count three (again, the mandatory minimum). The court also sentenced James to 210 months on count two (concurrent), 120 months on count four (concurrent), and 210 months on count five (concurrent). See id. at 863.

James timely appealed and argues that the district court abused its discretion concerning various evidentiary and procedural issues that arose shortly before and during the trial. As explained below, the arguments lack merit, and the judgment is affirmed.

3

I.

First, James argues that the district court abused its discretion and unfairly prejudiced him by permitting Sabrina Givens (a crack-cocaine customer and friend of James) to testify about not only her crack-cocaine purchase from James on September 4, 2007 (as alleged in count five), but also her crack-cocaine purchases from James from approximately September 2006 to September 2007 when James lived in Hyattsville, Maryland. James' Hyattsville home was the same home in which James sold the crack cocaine to Givens on September 4, 2007, the same home in which law enforcement officers arrested James on September 5, 2007, and the same home in which law enforcement officers discovered the crack cocaine, the cocaine, and the firearm referenced in counts one through five.

We review district court rulings on evidentiary issues for abuse of discretion. See, e.g., United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). At trial, James argued that the evidence of his prior drug dealing with Givens violated Rule 404(b) and 403 of the Federal Rules of Evidence. See J.A. 395–97. The district court disagreed and admitted Givens' testimony after finding the testimony to be intrinsic to the charges in the indictment and not unduly prejudicial. See id.

On appeal, James argues that the district court abused its discretion. "Evidence of uncharged conduct is not other crimes evidence subject to Rule 404 if the uncharged conduct arose out

4

of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial." United States v. Siegel, 536 F.3d 306, 316 (4th Cir. 2008) (alteration in original) (quotations omitted); see United States v. Basham, 561 F.3d 302, 327 (4th Cir. 2009). Evidence is "intrinsic" if it provides "context relevant to the criminal charges." United States v. Cooper, 482 F.3d 658, 663 (4th Cir. 2007); see United States v. Higgs, 353 F.3d 281, 311–12 (4th Cir. 2003); United States v. Stitt, 250 F.3d 878, 888 (4th Cir. 2001).

The district court permitted Givens to testify about crack-cocaine deals in 2006 and 2007 between her and James at James' Hyattsville home. See J.A. 477–79. The testimony helped to explain the relationship between James and Givens, to explain why Givens was present at the home on both September 4th and 5th, and to explain whether she ever bought crack cocaine from the other three adults who lived in the Hyattsville home. She had not. The last point was significant because James' defense at trial was that the government failed to prove that he (as opposed to one of the other adults living in the Hyattsville home) possessed the drugs and gun found on September 5, 2007. The testimony also helped to explain (1) why Givens could identify certain items in the home, including James' jacket in which officers found crack cocaine on September 5, 2007, and, (2) James' conduct within the home linking him to the cocaine

5

and crack cocaine found in the basement (where James' bedroom was) and in a shed in the back yard. As such, the testimony was "intrinsic" evidence, which provided context relevant to the criminal charges. See, e.g., Cooper, 482 F.3d at 663. Furthermore, the potential for unfair prejudice did not substantially outweigh the probative value of the evidence. See, e.g., id. at 663–64. Accordingly, the district court did not abuse its discretion in admitting the testimony.

Next, James argues that the district court abused its discretion in denying three mistrial motions. We review the denial of a mistrial motion for abuse of discretion, while recognizing that such a denial "will be disturbed only under the most extraordinary of circumstances." United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997); see United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008).

James moved for a mistrial during the government's opening statement because defense counsel believed that government counsel had violated a pretrial ruling concerning what government counsel could say during its opening statement about Givens' anticipated testimony. See J.A. 81, 165, 169. The district court denied the mistrial motion after finding that government counsel had not violated the court's order concerning Givens' anticipated testimony. See id. at 169.

The district court did not abuse its discretion in finding that government counsel did not violate the court's pretrial

ruling. Moreover, and in any event, the fleeting reference to Givens' anticipated testimony during the government's opening statement of the four-day jury trial was not prejudicial. See, e.g., United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995) (defendant must show prejudice in order to show abuse of discretion). Thus, the district court did not abuse its discretion in denying the first mistrial motion.

James made another mistrial motion when Detective Constantino briefly mentioned at the beginning of his direct examination that he got involved in the investigation when he "was given the complaint on a complaint form from [his] supervisor stating criminal activity involving illegal — ." J.A. 310. The "complaint form" was a reference to a citizen complaint made about possible drug dealing at a Hyattsville house, which turned out to be James' house. Before Detective Constantino could say anything beyond what is quoted above, counsel approached the bench, and defense counsel moved for a mistrial. Id. at 310-11. The district court denied the motion, but told government counsel not to elicit testimony about the citizen complaint that jump-started the investigation of possible drug dealing at James' Hyattsville home. Id. at 311-12.

The district court did not abuse its discretion in denying the second mistrial motion. The cited testimony is ambiguous and non-prejudicial. Moreover, even assuming the jury believed

7

that the words "complaint" and "illegal" referenced a citizen complaint about James illegally dealing drugs at his Hyattsville home, such testimony is not offered for the truth of the assertion. Cf. Fed. R. Evid. 801(c). Rather, such testimony explains how Detective Constantino got involved in the case. See, e.g., United States v. Obi, 239 F.3d 662, 668 (4th Cir. 2001); United States v. Love, 767 F.2d 1052, 1063 (4th Cir. 1985). Thus, the argument fails.

James made his final motion for a mistrial a few moments after the previous motion, when Detective Constantino briefly described his surveillance of an individual taking out garbage at a Hyattsville house on August 16, 2007. See J.A. 312–14. The testimony related to law enforcement's investigative steps taken to obtain a search warrant to search the Hyattsville house where James lived on September 5, 2007. See id. at 315–16; cf. id. at 173. Detective Constantino was asked "What else [beyond a person taking out the trash] did you observe, if anything?" Id. at 314. He replied, "a little bit later that evening, I observed a male matching the description and the information that was given to me come out of – ." Id. Defense counsel immediately asked to approach the bench, and argued that the reference to "a male matching the description and the information that was given to me" was a reference to a citizen complaint, was hearsay, was prejudicial, and warranted a mistrial. See id. at 314–17. Government counsel responded that the Detective's answer surprised her and that she did not intend

8

to elicit hearsay or to elicit testimony about the citizen complaint.  Id. at 315.

The district court dismissed the jury from the courtroom, thoughtfully considered the objection in the context of the trial (id. at 319-39), declined to order a mistrial (id. at 339), brought the jury back, and instructed the jury to disregard the last question and answer.  Id. at 340-41.  The district court also prohibited the government from introducing any evidence identifying James as the individual who matched the description in the citizen complaint.  See id. at 337-39.

In light of the ambiguous testimony, the trial record, the limiting instruction, and the corrective action, the district court did not abuse its discretion in denying the third mistrial motion.  See, e.g., Dorsey, 45 F.3d at 817; United States v. Jackson, 585 F.2d 653, 663 (4th Cir. 1978).  Thus, we reject James' arguments concerning the mistrial motions.

Finally, James argues that the district court abused its discretion in denying his motion for a continuance due to a delay in receiving Jencks Act material concerning two witnesses. The two witnesses were Sabrina Givens and Betty Dora James (i.e., Shamane James' grandmother, who also lived in the Hyattsville house).  Although the Jencks Act (18 U.S.C. § 3500) does not require disclosure until the witness testifies on direct examination, the government had agreed to provide Jencks Act material one week before trial unless the government believed that early disclosure posed a security risk to any

9

witness.  See J.A. 16.  In accordance with that limitation, the government notified defense counsel that it would not disclose the grand jury testimony of Givens or James until the first day of trial.  See id. at 55, 57–59, 70–72.  On the morning of the first day of trial, defense counsel moved for a continuance because it had not yet received Jencks Act material concerning Sabrina Givens and Betty Dora James.  See id. at 51–54, 79.

The district court heard arguments of counsel and found that the government had a factual basis to delay providing the Jencks Act material as to Givens and James.  See id. at 72, 80.  Moreover, the district court instructed government counsel to provide the Jencks Act material to defense counsel that day (i.e., May 27, 2008), and to not call either Sabrina Givens or Betty Dora James any earlier than the next day.  See id. at 81.  Betty Dora James testified on May 28, 2008 (id. at 186–234), and Sabrina Givens testified on May 29, 2008 (id. at 473–546).  Although James again asked for a continuance during the trial (id. at 304–06), the court denied it.  Id. at 306.

A district court has broad discretion in considering a motion to continue.  See, e.g., Morris v. Slappy, 461 U.S. 1, 13 (1983); United States v. Hedgepeth, 418 F.3d 411, 419 (4th Cir. 2005); United States v. Wooten, 688 F.2d 941, 949 (4th Cir. 1982).  A defendant who does not receive a continuance "must show that the error specifically prejudiced [his] case." Hedgepeth, 418 F.3d at 419.

James has failed to demonstrate an abuse of discretion. James received the Jencks Act material on the first day of trial and had ample time to prepare for cross-examination and to present evidence in response to the anticipated testimony. Moreover, James has utterly failed to show any prejudice. The district court did not abuse its discretion in denying the motion to continue.

## II.

As explained above, the judgment of the district court is affirmed.

AFFIRMED